## IN THE CIRCUIT COURTFOR PRINCE GEORGE'S COUNTY MARYLAND

**YVONNE ALSTON**, *an individual*    )
10012 Cedarhollow Lane    )
Largo, MD 20774    )
    )
**THOMAS ALSTON**, *an individual*    )
10012 Cedarhollow Lane    )
Largo, MD 20774    )
    )    CIVIL ACTION NO. *CAL16-01397*
    )    **JURY TRIAL DEMANDED**
*on behalf of themselves*    )
*and all others similarly situated*    )
    )
    )
Plaintiffs,    )
    )
v.    )
    )
**BANK OF AMERICA, NATL ASSOC.**    )
Serve:   Corporation Trust Incorporated    )
    351 West Camden Street    )
    Baltimore, MD 21201    )
    )
Defendant,    )
    )
**CAPITAL ONE, NATL ASSOC.**    )
Serve:   CSC-Lawyers Incorp. Service Co.    )
    7 Saint Paul Street, Suite 820    )
    Baltimore, MD 21202    )
    )
Defendant,    )
    )
**TRANSUNION, LLC**    )
Serve: CSC-Lawyers Incorp. Service Co.    )
    7 Saint Paul Street, Suite 820    )
    Baltimore, Maryland 21202    )
    )
Defendant.    )

PR GEO CO MD #02    2016 JAN 27 PM 12: 18    Clerk of the Circuit Court

Case: CAL16-01397
NEW CASE/PRO SE
CV CLERK FEE-        $0.00
MD LEGAL SERV        55.00
RIF - NEW CAS        30.00
TOTAL            165.00
Rcv# AG20    Rcpt # 21596
GJH    ARG    BCK # 597
Jan 30, 2016        10:01 am

## <u>CLASS ACTION COMPLAINT AND JURY DEMAND</u>

COMES NOW the Plaintiffs, Yvonne Alston and Thomas Alston, on behalf of

themselves and all others similarly situated, file their complaint against the defendants Bank of

America, N.A., Capital One, N.A. and Trans Union, LLC alleges as follows:

1



## PRELIMINARY STATEMENT

1.      This is an action for a consumer seeking actual, statutory and punitive damages,

costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. ("FCRA").

## PARTIES

2.      The Plaintiffs are natural persons and are "consumers" as defined by § 1681a(c).

3.      Bank of America is a financial institution that provide credit to consumers,

including credit cards, home loans, auto loans and banking products. Bank of America credit

card programs are issued and administered by FIA Card Services, N.A.

4.      Capital One is a financial institution that specializes in credit cards, home loans,

auto loans and banking products.

5.      Trans Union is a "consumer reporting agency" as defined by the FCRA, 15 U.S.C.

§ 1681a(f) for it regularly engages in the practice of assembling and evaluating consumer credit

information for the purpose of preparing consumer reports, as the term is defined in §1681a(d),

commonly referred to as Credit Reports, and furnishing these Credit Reports to third parties.

## FACTS

5.      Within one year of the filing of this complaint the Plaintiffs obtained their Trans

Union credit report.

### *FIA CSNA Credit Pull*

6.      Plaintiff Yvonne Alston viewed her credit report and found that FIA CSNA

obtained her credit report on July 20, 2015.

7.      Plaintiff Thomas Alston viewed his credit report and found that FIA CSNA

obtained his credit report on July 20, 2015.

8. According to Plaintiffs Trans Union credit reports, FIA CSNA obtained their credit reports for an account review.

9. Plaintiffs do not have an account with FIA CSNA and therefore FIA CSNA could not have obtained Plaintiffs credit reports for an account review.

10. Plaintiffs' credit reports do not contain any FIA CSNA tradelines.

11. Trans Union was aware that Plaintiffs did not have an account with Trans Union because the Trans Union credit report did not contain a FIA CSNA tradeline.

12. Trans Union does not employ reasonable procedures to avoid disbursing consumers' credit reports to users who request credit reports for the false purpose of account reviews.

13. Trans Union does not verify that the creditor is reporting a tradeline to the consumer's credit report before Trans Union disburses a credit report for an account review.

14. Trans Union knows that creditors, such as FIA CSNA, request credit reports for purposes of account review when the creditor does not hold an account with the consumer and is obtaining the report for purposes (i.e. research, marketing, etc.) not allowed under the FCRA.

15. Plaintiffs contacted FIA CSNA and spoke with Michele, who advised the Plaintiffs that FIA CSNA did not hold any accounts with the Plaintiffs and that FIA CSNA had no reason to obtain their credit reports.

*Capital One Credit Pull*

16. Plaintiff Thomas Alston viewed his credit report and also found that Capital One obtained his credit report in March 2015, April 2015, May 2015, June 2015, July 2015, August 2015, September 2015, October 2015 and November 2015.

17.     According to Plaintiffs Trans Union credit report, Capital One obtained his credit report for a promotional inquiry.

18.     Plaintiff did not receive an offer of credit from Capital One and therefore  Capital One could not have obtained Plaintiff credit report for purposes of a promotional inquiry.

19.     Trans Union was aware that Capital One was not seeking Plaintiff's credit report for the purposes of a promotional inquiry because a creditor would not seek to pull a consumer's **credit report** *every month* to make a firm offer of credit.

20.     Trans Union does not employ reasonable procedures to avoid disbursing consumers' credit reports to users whose conduct obviously reveals that they are not obtaining a consumer report for their asserted purpose.

21.     Trans Union should have procedures that trigger a safeguard when a user is requesting to obtain a consumer's report each month, especially when the consumer is requesting the report for the purpose of a promotional inquiry.

22.     Upon information and belief no creditor has ever obtained a consumer's credit report every month for the purpose of a promotional inquiry

23.     Trans Union knows that creditors, such as Capital One, falsely certify their reason for obtaining consumer's credit report and that the real reason for requesting the credit reports are for purposes not allowed under the FCRA

24.     Plaintiff contacted Capital One and spoke with several representative, who advised the Plaintiff that Capital One had no reason to obtain his credit report.

### CLASS ACTION ALLEGATIONS

25.     Plaintiffs seek to maintain this action as a class action representing the following two classes:

4

**Bank of America Class**

All individuals who, within two years of the filing of this complaint, have an account review inquiry by FIA CSNA on their Trans Union credit report and do not have a FIA CSNA tradeline on their credit report.

**Capital One Class**

All individuals who, within two years of the filing of this complaint, have a promotional inquiry by Capital One and did not receive a corresponding firm offer of credit from Capital One.

26.     *Ascertainability/Numerosity*: The classes are ascertainable in that each are comprised of individuals who can be identified by reference by a purely objective criteria. There are hundreds of thousands of members within each class and, therefore, it would be impracticable to bring all, or even a substantial percentage of, such persons before the Court as individual plaintiffs.

27.     *Typicality*: The claims of the named plaintiff are typical of the claims of each member of the classes he seeks to represent because: (1) they have all been injured in the same manner as a result of Defendants' illegal assessment of fees and (2) their claims are all based on the same legal theory.

28.     *Adequacy Of Representation*: Plaintiffs are adequate representatives of the classes that they seek to represent because: (a) they are willing and able to represent the proposed classes and have every incentive to pursue this action to a successful conclusion; (b) their interest are not in any way antagonistic to those of the other class members; and (c) they will obtain experienced and competent counsel.

29.     *Commonality*: There are questions of law and fact common to all members of the classes. The overarching questions of law and fact that are common to all members are whether:

**Bank of America Class**

(a)   Plaintiffs had a credit card with FIA CSNA;

(b)   Plaintiffs Trans Union credit report had a FIA CSNA tradeline;

(c)   Plaintiffs had an account review inquiry by FIA CSNA on their Trans Union
credit report;

(d)   FIA CSNA knew it did not have a permissible purpose to obtain Plaintiffs' Trans
Union credit reports; and

(e)   Trans Union recklessly disbursed Plaintiffs' credit reports for impermissible
purposes.

### Capital One Class

(a)   Plaintiffs received a firm offer of credit from Capital One;

(b)   Plaintiffs had a promotional review inquiry by Capital One on their Trans Union
credit report;

(c)   Capital One knew it did not have a permissible purpose to obtain Plaintiffs' Trans
Union credit reports; and

(d)   Trans Union recklessly disbursed Plaintiffs' credit report for impermissible
purposes.

### COUNT ONE: VIOLATION OF FCRA
### (as to Defendant Bank of America)

30.   Plaintiffs incorporate paragraphs 1-29 by reference.

31.   Bank of America knew it was not obtaining Plaintiffs and the Bank of America
Class credit reports for an account review inquiry.

32.   Bank of America knowingly and willfully used deception and false pretenses to
obtain Plaintiffs and the Bank of America Class consumer reports, by falsely representing or
certifying that the reports were being obtained for a permissible purpose.

33.    Bank of America's conduct in obtaining Plaintiffs and Bank of America Class' credit reports under false pretenses violate 15 U.S.C. §§1681b(f) and 1681q.

34.    Bank of America's failure to comply with the requirements of 15 U.S.C. §§1681b(f) and 1681q is willful within the meaning of 15 U.S.C. §1681n(a).

35.    As a result of Bank of America's willful noncompliance with the requirements of §§1681b(f) and 1681q, Plaintiffs and the Bank of America Class are entitled to statutory and punitive damages under 15 U.S.C. §1681n(a).

## COUNT TWO: VIOLATIONS OF FCRA
### (as to Defendant Trans Union)

36.    Plaintiffs incorporate paragraphs 1-35 by reference.

37.    Trans Union knew or should have known that it was not disbursing Plaintiffs and the Bank of America Class credit reports to Bank of America for an account review inquiry.

38.    Trans Union violated its obligations under 15 U.S.C. §1681e(a) to establish and/or follow reasonable procedures to avoid the disclosure of credit information for impermissible purposes.

39.    Trans Union knows its procedures are not reasonably designed to prevent the disbursement of credit reports to creditors for impermissible purposes.

40.    Trans Union's conduct in reckessing disclosing Plaintiffs and Bank of America Class' credit reports under procedures that are known to be unreasonable violates §1681e(a).

41.    Trans Union's failure to comply with the requirements of 15 U.S.C. §1681e(a) is willful within the meaning of 15 U.S.C. §1681n(a).

42.    As a result of Trans Union's willful noncompliance with the requirements of §1681e(a), Plaintiffs and the Bank of America Class are entitled to statutory and punitive damages under 15 U.S.C. §1681n(a).

## COUNT THREE: VIOLATIONS OF FCRA
### (as to Defendant Capital One)

43.     Plaintiffs incorporate paragraphs 1-29 by reference.

44.     Capital One knew it was not obtaining Plaintiffs and the Capital One Class credit reports for a promotional inquiry.

45.     Capital One knowingly and willfully used deception and false pretenses to obtain Plaintiffs and the Capital One Class consumer reports, by falsely representing or certifying that the reports were being obtained for a permissible purpose.

46.     Capital One's conduct in obtaining Plaintiffs and Capital One Class' credit reports under false pretenses violate 15 U.S.C. §§1681b(f) and 1681q.

47.     Capital One's failure to comply with the requirements of 15 U.S.C. §§1681b(f) and 1681q is willful within the meaning of 15 U.S.C. §1681n(a).

48.     As a result of Capital One's willful noncompliance with the requirements of §§1681b(f) and 1681q, Plaintiffs and the Capital One Class are entitled to statutory and punitive damages under 15 U.S.C. §1681n(a).

## COUNT FOUR: VIOLATIONS OF FCRA
### (as to Defendant Trans Union)

49.     Plaintiffs incorporate paragraphs 43-48 by reference.

50.     Trans Union knew or should have known that it was not disbursing Plaintiffs and the Capital One Class credit reports to Capital One for a promotional inquiry.

51.     Trans Union violated its obligations under §1681e(a) to establish and/or follow reasonable procedures to avoid the disclosure of credit information for impermissible purposes.

52.     Trans Union knows its procedures are not reasonably designed to prevent the disbursement of credit reports to creditors for impermissible purposes.

53.     Trans Union's conduct of recklessly disclosing Plaintiffs and Capital One Class' credit reports under procedures that are known to be unreasonable violate §1681e(a).

54.     Trans Union's failure to comply with the requirements of 15 U.S.C. §1681e(a) is willful within the meaning of 15 U.S.C. §1681n(a).

55.     As a result of Trans Union's willful noncompliance with the requirements of §1681e(a), Plaintiffs and the Capital One Class are entitled to statutory and punitive damages under 15 U.S.C. §1681n(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek judgment in his favor for the following:

(a)    Order certifying all claims of the Classes alleged herein;
(b)    Award statutory and punitive damages for counts One thru Four;
(c)    Approval of a $15,000 to $25,000 incentive award for the Named Plaintiffs;
(d)    Award costs and reasonable attorney's fees and costs; and
(e)    Any such other relief the Court deems just, equitable and proper.

## DEMAND FOR TRIAL BY JURY

56.     Plaintiffs hereby demand a trial by jury on all issues so triable.

Respectfully submitted,

**THOMAS ALSTON**

Thomas Alston, Pro Se Plaintiff
10012 Cedarhollow Ln
Largo, MD 20774
Tel: (240) 432-0927

**YVONNE ALSTON**

Yvonne Alston, Pro Se Plaintiff
10012 Cedarhollow Ln
Largo, MD 20774
Tel: (301) 350-5780

9