IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division



CANDACE ALSTON, *et al.*,

    Plaintiffs,

v.

TRANSUNION, *et al.*,

    Defendants.

Case No.: GJH-16-491

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM OPINION

Presently pending before the Court in this Fair Credit Reporting Act ("FCRA") case is

Plaintiff Candace Alston's Motion to Strike Defendant TransUnion's Affirmative Defenses. ECF

No. 32.[1] No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the reasons that follow,

Plaintiff's Motion will be granted.

## I.    BACKGROUND[2]

The FCRA, 15 U.S.C. § 1681 *et seq.*, requires consumer reporting agencies such as

TransUnion to maintain reasonable procedures aimed at limiting the distribution of consumer

reports for improper purposes. *See* 15 U.S.C § 1681e(a). In its Amended Complaint, Plaintiff

alleges that TransUnion violated this statute when it provided Plaintiff's credit reports to Bank of

America and Capital One, despite the fact that neither was requesting them for a permissible

purpose under 15 U.S.C. § 1681b. ECF No. 24 ¶¶ 25, 67, 113 – 116. On April 15, 2016,

---

[1] Claims against Defendants Bank of America and Capital One have previously been dismissed. *See* ECF No. 25 (dismissing Plaintiffs Yvonne and Thomas Alston's claims against TransUnion); ECF No. 42 (dismissing all claims against Defendant Capital One); ECF No. 33 (dismissing all claims against Defendant Bank of America).

[2] While Plaintiff frames her allegations in the context of a proposed class action, a pro se plaintiff may not maintain a class action case. *See Tresvant v. Oliver*, No. CIV.A. DKC 12-0406, 2013 WL 598333, at *4, 2013 U.S. Dist. LEXIS 21263, at *12, (D. Md. Feb. 15, 2013) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975)).

TransUnion filed an Answer to Plaintiff's Amended Complaint listing fifteen affirmative defenses. ECF No. 26 at 44 – 46.[3] On May 2, 2016, Plaintiff filed a Motion to Strike all of Defendant's affirmative defenses pursuant to Fed. R. Civ. Pro. 12(f). ECF No. 32. Defendant responded on May 20, 2016, withdrawing one of its affirmative defenses, and agreeing to withdraw two others, "conditional upon confirmation that Plaintiff is not seeking and will not seek any state law claims as such claims are pre-empted by the FCRA." ECF No. 39 at 7. Defendant requested that Plaintiff's Motion to Strike be denied as to its remaining twelve affirmative defenses, or in the alternative, that it be given leave to amend them. ECF No. 39.[4]

## II.   DISCUSSION

Federal Rule of Civil Procedure 12(f) permits courts to "strike from a pleading an insufficient defense." Fed. R. Civ. P. 12(f). Such motions are "generally viewed with disfavor 'because striking a portion of a pleading is a drastic remedy and…is often sought by the movant simply as a dilatory tactic.'" *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (quoting 5A A. Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1380, 647 (2d ed.1990)). Therefore, a court should review such motions "in a light most favorable to the pleader" and, if granted, give the Defendant leave to amend. *Ulyssix Techs., Inc. v. Orbital Network Eng'g, Inc.*, No. CIV.A. ELH-10-02091, 2011 WL 631145, at *14 (D. Md. Feb. 11, 2011) (internal citation omitted). In addition, courts "generally require the moving party to establish that the materials to be struck prejudice the moving party in some way." *Asher & Simons, P.A. v. j2 Glob. Canada, Inc.*, 965 F. Supp. 2d 701, 705 (D. Md.) (citation omitted), *on reconsideration in part*, 977 F. Supp. 2d 544 (D. Md. 2013).

---

[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.
[4] Plaintiff did not file a reply memorandum in support of her motion but on August 29, 2016, more than three months after Defendant's opposition, Plaintiff filed a "Supplemental to her Motion to Strike." ECF No. 43. If Plaintiff intended this filing to serve as her Reply, it is untimely and will not be considered by the Court. Loc. R. 105.2 (D. Md. 2016)

**A.  Pleading Requirements**

Plaintiff has moved to strike the twelve remaining affirmative defenses asserted by

TransUnion, arguing that they fail to satisfy the pleading requirements set forth for complaints in

two recent Supreme Court cases, *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp.*

*v. Twombly,* 550 U.S. 544 (2007).[5] Both *Iqbal* and *Twombly* addressed the level of factual

specificity a plaintiff must include in their complaint in order to meet Fed. R. Civ. Pro. 8(a)(2)'s

requirement that their pleading contain "a short and plain statement of the claim showing that the

pleader is entitled to relief." *See* Fed. R. Civ. Pro. 8(a)(2). In *Twombly,* the Supreme Court held

that the factual allegations in a complaint must be more than "labels and conclusions;" rather,

they "must be enough to raise a right to relief above the speculative level...." *Twombly*, 550 U.S.

at 555 (internal citation omitted). Two years later in *Iqbal*, the Court provided further guidance

on this standard, ruling that "[a] claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court held that "[t]hreadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not

suffice." *Iqbal,* 556 U.S. at 678-79.

Plaintiff claims that she is prejudiced by the conclusory nature of Defendant's affirmative

defenses, as she will need to "waste discovery resources to uncover the factual basis of

Defendant's affirmative defenses." ECF No. 32-1 at 4. In response, TransUnion submits that the

enhanced pleading standards for complaints developed in *Iqbal* and *Twombly* do not apply to

affirmative defenses. ECF No. 39 at 3–5. TransUnion further argues that, regardless of the

---

[5] As noted above, Defendant has withdrawn its second, sixth, and eighth defenses, *see* ECF No. 39 at 7, reducing the total to twelve. For clarity, the Court will refer to the numbering originally used by Defendant in its Answer.

pleading standard the Court adopts, their affirmative defenses should not be stricken because they provide Plaintiff with sufficient notice of their defenses. *Id.* at 5–14.

To date, neither the Supreme Court nor the Fourth Circuit has ruled on whether *Iqbal* and *Twombly* applies to affirmative defenses. District Court judges in this district and others have reached differing conclusions. *Compare Lockheed Martin Corp. v. United States*, 973 F. Supp. 2d 591, 595 (D. Md. 2013) (Williams, J.) ("the Court declines to hold that *Twombly* and *Iqbal* apply to affirmative defenses.") *with Aguilar v. City Lights of China Rest., Inc.*, No. CIV.A. DKC 11-2416, 2011 WL 5118325, at *4 (D. Md. Oct. 24, 2011) (Chasanow, J.) ("Therefore, although *Twombly* and *Iqbal* specifically addressed the sufficiency of a complaint under Rule 8(a), the Court likely did not intend to confine its holdings to complaints alone.")

Courts that have imposed the heightened pleading standards of *Iqbal* and *Twombly* on affirmative defenses often rely on twin principles of fairness and litigation efficiency, reasoning that:

> …it neither makes sense nor is it fair to require a plaintiff to provide the defendant with enough notice that there is a plausible, factual basis for her claim under one pleading standard and then permit the defendant under another pleading standard simply to suggest that some defense may possibly apply in the case.

*Ulyssix Techs., Inc.*, 2011 WL 631145, at *15 (quoting *Palmer v. Oakland Farms, Inc.*, No. 5:10CV00029, 2010 WL 2605179, at *4 (W.D. Va. June 24, 2010). Courts have also highlighted the need for efficient litigation, noting that "boilerplate defenses serve only to clutter the docket and create unnecessary work by requiring opposing counsel to conduct unnecessary discovery." *Aguilar*, 2011 WL 5118325, at *2 (internal citation omitted).

By contrast, the minority of judges that have declined to apply the heightened pleading standard of *Iqbal* and *Twombly* to affirmative defenses reason that separate pleading standards for complaints and affirmative defenses are reasonable given the different language used in

Federal Rule of Civil Procedure Rule 8(a), governing pleadings, and Federal Rules of Civil

Procedure 8(b) and (c), governing defenses and affirmative defenses. *See LBCMT 2007-C3*

*Urbana Pike, LLC v. Sheppard*, 302 F.R.D. 385, 387 (D. Md. 2014); *see also Lockheed Martin*

*Corp.*, 973 F. Supp. 2d at 594. Courts reaching this conclusion also note the unfairness of

holding defendants to as stringent a standard as plaintiffs, who have significantly more time to

draft their complaint and argue that other rules, such as the threat of Rule 11 sanctions, will

dissuade defendants from presenting unsupportable affirmative defenses. *Urbana Pike*, 302

F.R.D. at 387–88; *Lockheed Martin Corp.*, 973 F. Supp. 2d at 594.

      This Court joins with the majority of the judges in this district in holding that the

heightened pleading standard of *Iqbal* and *Twombly* applies to affirmative defenses, as "it would

be incongruous and unfair to require a plaintiff to operate under one standard and to permit the

defendant to operate under a different, less stringent standard." *Topline Sols., Inc v. Sandler*

*Sys., Inc.*, No. L-09-3102, 2010 WL 2998836, at *1 (D. Md. July 27, 2010). Although a

defendant has a shorter window in which to craft their answer than a plaintiff has to draft their

complaint, many of the facts necessary to allege an affirmative defense will be present in the

facts alleged by the Plaintiff. Instead of allowing a defendant to submit boilerplate defenses,

delaying the resolution of a case, it is more efficient to require them to plead affirmative defenses

with facts within their knowledge at the time their answer is due, while allowing leave to amend

their answer, pursuant to Fed. R. Civ. Pro. 15, if new information is learned during discovery.

*See Palmer*, 2010 WL 2605179, at *5 (W.D. Va. June 24, 2010) (citing *Zenith Radio Corp. v.*

*Hazeltine Research, Inc.*, 401 U.S. 321, 330–331 (1971)); *see also Robinson v. Sappington*, 351

F.3d 317, 333 (7th Cir. 2003) (no abuse of discretion when court allowed defendant to amend

pleading with affirmative defense at motion for summary judgment where plaintiff "had notice

that the defendants might pursue these defenses, had the opportunity to respond to the assertion of these defenses and has not shown that she was prejudiced by the amendment.").

While adopting the heightened standard, the Court notes that, although "[a] defense may be stated simply and briefly[,] [a]t a minimum…some statement of the ultimate facts underlying the defense must be set forth, and both its non-conclusory factual content and the reasonable inferences from that content, must plausibly suggest a cognizable defense available to the defendant." *Palmer*, 2010 WL 2605179, at *5 (W.D. Va. June 24, 2010).

### B. Application of Standard to Defendant's Affirmative Defenses

As a threshold matter, before reviewing the sufficiency of each defense, the Court must determine whether or not each proffered statement is indeed an affirmative defense or is more properly construed as a general or specific denial, or merely a statement by the Defendant. As the Fourth Circuit explains,

> An affirmative defense is the "'defendant's assertion raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true.'" *Saks v. Franklin Covey Co.,* 316 F.3d 337, 350 (2nd Cir. 2003)(quoting Black's Law Dictionary 430 (7th ed. 1999)). Generally speaking, affirmative defenses "share[ ] the common characteristic of a bar to the right of recovery even if the general complaint were more or less admitted to." *Wolf v. Reliance Standard Life Ins. Co.,* 71 F.3d 444, 449 (1st Cir. 1995) (internal quotation marks omitted).

*Emergency One, Inc. v. Am. Fire Eagle Engine Co.*, 332 F.3d 264, 271 (4th Cir. 2003).

Statements that merely serve to put the Plaintiff on notice of potential, future action by the Defendants are not, "assertions raising new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true." Thus, Defendant's Fifteenth Affirmative Defense (reserving the right to assert additional defenses) is stricken as it is not an affirmative defense. *See Long v. Welch & Rushe, Inc.*, 28 F. Supp. 3d 446, 465 (D. Md. 2014) (striking "reservation of right to amend its affirmative defense" because it

6

was not an affirmative defense). In the same vein, hypothetical statements regarding future events are also not affirmative defenses. Thus, Defendant's Fourteenth Defense (stating that in the event of settlement, TransUnion is entitled to settlement credits as permitted by law) and Thirteenth Defense (stating that any potential class action may result in duplicative relief barred by the fifth and eighth amendments) are stricken as well.

Similarly, "[a]ny asserted defense that is nothing more than a denial of the plaintiff's allegations of legal responsibility is both 'unnecessary and inappropriate.'" *Palmer*, 2010 WL 2605179, at *6 (quoting *Yash Raj Films (USA), Inc. v. Atlantic Video*, 2004 U.S. Dist. LEXIS 9739, *11, 2004 WL 1200184 at *3 (N.D. Ill. 2004)). However, rather than striking such "affirmative defenses" courts have merely re-characterized them as denials. *See Ulyssix Techs., Inc*, 2011 WL 631145, at *16 (declining to strike denials improperly pled as affirmative defenses). As Defendant's Third (Defendant's reports were truthful), Fourth (Defendant followed reasonable procedures), Seventh (Defendant's actions were privileged), Eleventh (Plaintiff's damages are the result of acts or omissions committed by other parties over whom Defendant has no control) and Twelfth (Plaintiff is not entitled to exemplary or punitive damages) Defenses are better characterized as specific or general denials, they will be interpreted as such and, thus, will not be stricken.

Defendant's Fifth Defense (statute of limitations) is indeed an affirmative defense. *See* Fed. R. Civ. Pro 8(c). However, the statement "fails to reference the appropriate statute of limitations or the operative dates," *Ulyssix Techs., Inc.*, 2011 WL 631145, at *16, even though such information was within the Defendant's knowledge, as evidenced by Defendant's inclusion of the relevant facts in its Response. *See* ECF No. 39 at 9. Thus, the defense is stricken, without prejudice, and with leave to amend.

As Fed. R. Civ. Pro. 8(c) is not an exclusive list of affirmative defenses, there is considerable debate over which additional defenses fall into this category. Defendant's First Defense (Failure to State a Claim) is one such claim. *Compare Malibu Media, LLC v. Popp, No.* 114CV00700GBLJFA, 2015 WL 10937405, at *3 (E.D. Va. Apr. 13, 2015) ("The Court concludes that failure to state a claim is not an acceptable affirmative defense because it has not been recognized as an affirmative defense.") *with Ulyssix Techs., Inc.*, 2011 WL 631145, at *15 (discussing the uncertainty in the designation but treating failure to state a claim as an affirmative defense). As an argument that Plaintiff has failed to state a claim meets the Fourth Circuit's definition of an affirmative defense because it would "bar…the right of recovery even if the general complaint were more or less admitted to," *Emergency One, Inc.*, 332 F.3d at 271, the Court will interpret it as such. Because the defense is stated without any factual support, it is struck, without prejudice, and with leave to amend.

While Defendant's Ninth Defense (failure to mitigate damages) is also not included in the list of affirmative defense in the Federal Rules, other courts within this district have recognized it as an affirmative defense. *See e.g. Hammer v. Peninsula Poultry Equip. Co.*, No. CIV.A. RDB-12-1139, 2013 WL 97398, at *2, *7 (D. Md. Jan. 8, 2013); *Long*, 28 F. Supp. 3d at 465. However, as it again fails to include any factual support sufficient to meet the standards laid out in *Iqbal* and *Twombly*, it will be struck with leave to amend. *See Palmer*, 2010 WL 2605179, at *6 (W.D. Va. June 24, 2010)("Without suggesting what the plaintiff failed to do, [Defendant's] plea of a failure to mitigate damages is properly subject to being stricken on the basis of its failure to meet the *Twombly–Iqbal* minimum pleading standards."); *but see Long*, 28 F. Supp. 3d at 465 (declining to strike a failure to mitigate defense because "[d]efendant is not in a position at this stage to know the steps Plaintiff took to mitigate damages."). To the extent that Defendant

discovers new facts that would support this defense at a later date, it may amend its answer to do so.

Finally, it is unclear whether Defendant's Tenth Defense (Plaintiff's negligence) seeks to allege that Plaintiff was contributorily negligent, completely barring recovery, or merely that Plaintiff's negligence would limit any damage award. To the extent that the Defendant seeks to allege contributory negligence, the defense is struck as lacking sufficient factual detail, with leave to amend. In so far as Defendant seeks only to allege that Plaintiff's negligence would negate a factor in Plaintiff's *prima facie* case, it will not be stricken and will be instead interpreted as a specific denial.

## III.   CONCLUSION

For the reasons stated above, the Court will grant, in part and deny in part, Plaintiff's Motion to Strike, ECF No. 32. Affirmative Defenses One, Five and Nine are stricken with leave to amend. To the extent that Affirmative Defense Ten seeks to allege that Plaintiff was contributorily negligent, it is also stricken, with leave to amend. A separate order follows.

Dated: February 1, 2017

GEORGE J. HAZEL
United States District Judge